**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4392**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KENNETH LEE GARDNER,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:09-cr-00063-MR-DCK-1)

Submitted:  July 28, 2011                Decided:  August 5, 2011

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Kenneth Lee Gardner pled guilty to conspiracy to possess with intent to distribute 500 grams of cocaine or less, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 120 months in prison. Gardner now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the plea was voluntary and the sentence reasonable but stating that there are no meritorious issues for appeal. Gardner has filed a pro se brief raising an additional issue. We affirm.

I

After reviewing the transcript of Gardner's Fed. R. Crim. P. 11 proceeding, we conclude that the district court fully complied with the Rule and that the guilty plea was knowingly and voluntarily entered. Gardner was forty-six when he entered his plea, had completed the eleventh grade and earned a GED, and had attended classes to learn several trades. He had not ingested alcohol or medication other than that prescribed for his blood pressure and his mind was clear. He represented to the court that he had discussed his case and his plea agreement with his attorney, with whose services he was satisfied.

2

Gardner understood that any false statement might subject him to a perjury prosecution. He also understood the various trial rights he waived by pleading guilty, the elements of the offense, the penalties to which he was subject, and the applicability of the sentencing guidelines. Gardner agreed that the United States' summary of the plea agreement was accurate. He told the court that his guilty plea was not the result of threats, coercion or promises other than those contained in the plea agreement.

II

Our review of the record convinces us that the 120-month sentence is procedurally and substantive reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007). Gardner was properly found to be a career offender, with a resulting advisory Guidelines range of 151-188 months. After hearing argument from counsel and Gardner, and considering the 18 U.S.C. § 3553(a) (2006) factors, the court decided that a downward variance was warranted, especially in light of Gardner's minor role in the conspiracy and the fact that his career offender status was based on convictions from 1988. The court made the required individualized assessment in imposing sentence and sufficiently stated its reasons for the chosen, variant

3

sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

III

In his pro se brief, Gardner contends that, because his Guidelines range was calculated based on his being a career offender, the Government breached the plea agreement, which provided for a base level of 24. He is incorrect. The plea agreement, which Gardner signed and which he represented to the court that he understood, plainly stated that base level 24 would apply but that if he were found to be a career offender, his Guidelines range might be calculated based on that status.

IV

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We deny the motion to disclose grand jury materials and dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED